UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11- 22062-Civ-Cooke/Turnoff

BRET L. LUSSKIN. JR., an individual,
on behalf of himself and all others similarly situated,

    Plaintiffs,

vs.

RICK'S CABARET INTERNATIONAL, INC.,
a foreign corporation, et al,

    Defendants.
_____/

### PLAINTIFF'S MOTION TO COMPEL RESPONSIVE DISCOVERY AND TO OVERRULE DEFENDANT'S OBJECTIONS TO DISCOVERY

Plaintiff, BRET L. LUSSKIN, moves this Court to compel Defendant, RICK'S CABARET INTERNATIONAL, INC., to produce certain discovery, and overrule Defendant's objections to same, and states as follows:

1. On or about June 7, 2011, Plaintiff filed the instant class action seeking relief for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

2. Plaintiff served the second set of discovery requests (Plaintiff's First Set of Interrogatories [A-1] and Plaintiff's Second Request for Production [A-2]) on Defendant on or about January 9, 2012. True and correct copies of Plaintiff's First Set of Interrogatories and Plaintiff's Second Request for Production is attached hereto as Composite Exhibit "A".

3. On or about February 20, 2012, Defendant emailed Plaintiff its response to the aforementioned discovery. Defendant's Response to Plaintiff's Request for Production and

Defendants Response to Plaintiff's First Set of Interrogatories is attached in Composite Exhibit "B".

4. Plaintiff, after reviewing Defendant's response, conferred with Defendant regarding its objections the very next day. In a classic game of "hide the ball," the Defendant has, for the second time, objected to virtually every single discovery request, citing various boilerplate objections and submitting lengthy written attacks on the merits of Plaintiff's case in lieu of responding. Consequently, the Plaintiff respectfully requests that the Court direct the Defendant to provide a meaningful response to the Plaintiff's First Set of Interrogatories and Second Request for Production of Documents.

## THE RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

5. Plaintiff's Second Request for Production of Documents contains thirteen enumerated requests. Defendant refused to provide a meaningful response to all but one of them. Instead, Defendant asserts a litany of boilerplate objections, makes lengthy non sequitur arguments, and generally attacks the merits of Plaintiff's case.

6. In response to Requests 1 and 2, which simply demands the contents of the SMS text messages sent to the putative class members and their identities, Defendant objects on the basis that the demand "does not seek information which is relevant to this case, or reasonably calculated to lead to relevant information."

7. In their response to Request number 3, Defendant embarks on a lengthy, half-page-long catalogue of factual allegations and again attacks the merits of Plaintiff's case, none of which are responsive to said request:

REQUEST:

*3. All documents, SMS text messages, and electronic data which show or tend to show the number of SMS text messages sent to each and every entrant from short code 78747, wherein said SMS text messages promoted or advertised events at Defendant's Miami Gardens Square One, Inc. location, also known as "Tootsie's Cabaret."*

RESPONSE:

*No documents responsive to this document demand exist. Neither respondent nor any of the Defendants sent any SMS text messages to any "entrant" in connection with the "Rolex Giveaway". Respondent will reasonably cooperate to help produce the testimony of former employee Anna Talje, Marketing/Advertising Director at Tootsies', who has factual knowledge of the process by which the Rolodex [sic] Giveaway was conducted. (In addition, respondent has made will make [sic] available for deposition a corporate witness who will provide testimony that respondent does not own any auto-dialer).*

*In addition, Plaintiff was not an "entrant" as he defines the term. In his Amended Complaint, para. 18, Plaintiff claims he provided his information in connection with the Rolex Giveaway on November 25, 2009.*

*In fact, after diligent inquiry, Respondent has no documents to show that Plaintiff submitted his information in connection with the Rolex Giveaway. Upon Plaintiff's request, Plaintiff is willing to submit for the examination of the Court (District Judge or Magistrate Judge) all subscription cards for this giveaway, which will confirm that Plaintiff's phone number is not on any of them.*

*Also, in fact, Respondent provides attached hereto, as LUSSKIN-RC-000030 to LUSSKIN-RC-000031, a business record showing that Plaintiff patronized the club in question on November 15, 2009, ten days earlier. Respondent will reasonably cooperate to help produced the testimony of former employee Anna Talje, Marketing/advertising Director at Tootsies', who has factual knowledge of the process by which patrons provided their information at the club apart from the Rolodex [sic] Giveaway. Respondent will also produce the testimony of Hi Chu, an employee at Tootsies' who has factual knowledge about this process as an employee who provided verbal instructions to patrons filling out forms to sign up for texts on an up-to-daily basis.*

8. In their responses to Requests 4, 5, 6, and 7, Defendant simply incorporates by reference their response to Request 3, and further objects on the grounds that the information is not relevant to the case, or was unduly broad and burdensome.

3

9. In Request number 8, Plaintiff seeks "all documents, emails, memoranda, instructions, and other written materials that in any way relate to the Rolex Giveaway referenced in Plaintiff's Complaint and/or Amended Complaint." Defendant objects, claiming that the request is unduly broad and burdensome, responding that the request is "unduly broad and burdensome, especially in light of the fact that Plaintiff was not an entrant in that contest."

10. In its response to Request 9, which requested all corporate documents relating to SMS text messaging, Defendant again incorporates another response by reference, this time the objection to Request 8, and regurgitates a previous discovery response by providing only a written agreement between RCI Internet Services, Inc. and MX Telecom, an outside firm contracted by the Defendant for SMS text messaging marketing services.

11. Request 11 demands "all documents which support or tend to support Defendant's defense of prior express consent." Defendant fails to respond to this request altogether. In place of a response, Defendant makes allegations that "Plaintiff provided prior verbal express consent" and that "Respondent will reasonably cooperate to help produce the testimony of former employee Anna Talje, Marketing/Advertising Director at Tooties' [sic], who has factual knowledge of the process by which such consent was obtained." It remains unknown whether any documents responsive to this request exist and Plaintiff is now prejudiced by Defendant's lack of a meaningful response.

12. Request 12 contains five subparts, and essentially demands Defendant's SMS text message marketing list information:

> *12. A list of all cellular telephone numbers that have ever been subscribed to any of Defendant's SMS text message marketing lists, including, for each said cellular telephone number:*
>
> > *a. The date said cellular telephone number was added to said SMS text message marketing list;*

> *b. The means by which the cellular telephone number was obtained by Defendant;*
>
> *c. The specific SMS text message marketing list to which the cellular telephone number is subscribed (i.e. which club is advertising to this number);*
>
> *d. For cellular telephone numbers that have been removed from an SMS text message marketing list, the date said number was removed from said list;*
>
> *e. For cellular telephone numbers that have been removed from an SMS text message marketing list, the reason said number was removed from said list.*

13. In its response, Defendant, having now apparently assumed the role of factfinder over the matter at bar, again objects, arguing that the request is unduly broad and burdensome, "especially in light of the fact that Plaintiff was not an entrant in that contest, which is the sole premise of his Complaint."

14. Finally, in response to Request 13, which merely seeks all documents showing the identity of each entrant in the Rolex Giveaway contest, Defendant objects generally with the words "See prior responses." Defendant further pronounces that: "Upon Plaintiff's request, Plaintiff [sic] is willing to submit for the examination of the Court (District Judge or Magistrate Judge) all subscription cards for this giveaway, which will confirm that Plaintiff was not an entrant in that contest, which is the sole premise of his Complaint."

15. Whether oversight, neglect or gamesmanship on behalf of Defendant's counsel, Defendant's failure to address Plaintiff's discovery concerns at this juncture is simply inexcusable.

16. In order to efficiently and effectively litigate the instant matter on behalf of the putative class, Plaintiff requires the aforementioned items.

5

## THE RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

17.     Plaintiff's First Set of Interrogatories contains twelve enumerated interrogatories that largely mirror the requests in Plaintiff's Second Request for Production of Documents. Defendant's responses are the same, in that they have failed to meaningfully respond to any of Plaintiff's inquiries.  In fact, the responses appear to be verbatim, including the identical spelling and scrivener's errors, leading one to conclude that they were simply "cut-and-pasted" or strewn together without any forethought.

18.     The only different response is Defendant's response to Interrogatory number 2, which asks Defendant to "Identify the entrants referenced in Interrogatory #1, above." Defendant simply replies "The identity of entrants to a contest Plaintiff did not participate in is not discoverable."

19.     Whether oversight, neglect or gamesmanship on behalf of Defendant's counsel, Defendant's failure to address Plaintiff's discovery concerns at this juncture is simply inexcusable.

20.     As stated previously, Plaintiff is unable to litigate the instant matter on behalf of the putative class without the aforementioned items; accordingly, Plaintiff now requests the intervention of this Honorable Court.

21.     A proposed order is attached hereto as Exhibit "C".

## MEMORANDUM OF LAW

Defendant's objections to the Plaintiff's discovery requests can be divided into three categories:  (a) that the request was not relevant or reasonably likely to lead to relevant evidence; (b) that the request was unduly broad or burdensome; and (c) that the Defendant unilaterally alleges that the Plaintiff was not an entrant in the Rolex Giveaway referenced in the Complaint,

and that this allegation somehow alleviates the Defendant of their discovery obligations. Defendant's other lengthy averments in their responses are totally irrelevant to the issue of discovery, and consequently, no response to them should be required. In sum, none of these objections are sustainable.

A. **Defendant's Objections to the Relevance of Plaintiff's Requests Should Be Overruled.**

Defendant raises general relevancy objections to requests for production numbered 1, 2, 6 and 7, and interrogatories numbered 1, 2, 5, and 6. These objections state broadly that Plaintiff's request "does not seek information which is relevant to this case, or reasonably calculated to lead to relevant information." Frankly speaking, this objection is absurd, given the nature of this case and the discovery requests at issue. This class action lawsuit is about SMS text messages sent by Defendant to Mr. Lusskin and the other putative class members in violation of Federal law, the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. The discovery requests at issue seek (a) the contents of the SMS text messages sent by the Defendant; and (b) the identity of the entrants to which SMS text messages were sent.

The discovery at issue goes to the very heart of this case. In a matter chiefly about unlawful SMS text messaging, there is no evidence more relevant than the contents of the SMS text messages sent by Defendant, and the identities and/or targets of those messages. Plaintiff is entitled to discovery as to "<u>any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case [including] a variety of fact oriented issues [which] may arise during litigation that are not related to the merits.</u>" *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (emphasis added).

Further, it is Defendant's burden to persuade the Court that the information it has refused to provide is outside the broad scope of discovery. *Compagnie Francaise D'Assurance v. Phillips*

*Petroleum*, 105 F.R.D. 16 (S.D.N.Y. 1984); *White v. Beloginis*, 53 F.R.D. 480 (S.D.N.Y. 1971); *Elgin FCU v. Carter, Fitzgerald Securities*, 91 F.R.D. 414 (N.D. Ga. 1981); US v. 58.16 Acres of Land, 66 F.R.D. 570 (1975).  Furthermore, as a matter of law, these types of boilerplate objections are ineffectual. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1966) (boilerplate objections inconsistent with federal rules); *Burus v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593-94 (W.D.N.Y. 1966) (blanket objections are insufficient).

Here, Defendant's objections to relevancy are conclusory and without any supporting argument.  Defendant simply states in generic fashion that the request "does not seek information which is relevant to this case, or reasonably calculated to lead to relevant information."  This assertion is insufficient to form a cognizable objection and further defies imagination.  The discovery sought by Plaintiff in these requests goes to the very core of this action.  Consequently, these objections to relevancy are unsustainable and should be overruled.

B.    **Defendant's Objections to Plaintiff's Requests Based on Overbreadth and Undue Burden Should Be Overruled.**

Defendant has raised general objections to Plaintiff's requests for production numbered 8, 9, and 12, and interrogatories 7 and 11, on grounds that the requests are unduly broad and burdensome.  All of these objections are boilerplate, stating only that the request "is unduly broad and burdensome," and then cites to Defendant's self-serving determination that Plaintiff was not an entrant in the Rolex Giveaway referenced in the Complaint, and therefore this somehow makes the request more overbroad or more unduly burdensome.

A burdensome objection "must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Chubb Integrated Systems v. Nat'l Bank of Washington*, 103 F.R.D. 52, 59-60

8

(D.D.C. 1984). "[T]he mere statement by a party that [an] interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory." *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1966) (boilerplate objections inconsistent with federal rules); *Burus v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593-94 (W.D.N.Y. 1966) (blanket objections are insufficient).

In this case, Defendant objects to each request by repeating the same language over and over again – i.e. that the request is unduly broad and burdensome. No further explanation is provided as to how the request is overly broad or the nature of the burden. Such generic, non-specific objections, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure. An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded. The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure. *Obiajulu*, 166 F.R.D. at 295 (citations omitted).

Further, "the proposition that the fact that a party will be put to some trouble and expense in the process of answering interrogatories is not alone sufficient ground for objection." *FDIC v. Mercantile Nat'l Bank*, 84 F.R.D. 345 (N.D. Ill. 1979). The unduly burdensome objection "will only be sustained if the objecting party establishes that the burden upon him outweighs the benefit the information would provide the party submitting the interrogatories." *Id.* at 348 (*citing Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975)). For example, in *Alexander v. Parsons*, 75 F.R.D. 536 (W.D. Mich. 1977), the court held that a discovery request that would

"require 2,000 man-hours of labor to search some 57,000 records" would not support a protective order against such request. *Id.* at 538-39.

In this case, the data sought from Defendant is at the heart of this litigation. Defendant cannot possibly show that their "burden," the dimensions of which remain a mystery, would outweigh the benefit to the Plaintiff. The discovery sought in these requests is central to this case. Furthermore, Defendant has failed to tender any explanation as to how the requests at issue are burdensome at all, and consequently, the objection should be overruled.

C. **Defendant's Objections Based Upon the Merits of the Case Are Groundless and Should Be Overruled.**

Throughout Defendant's responses to Plaintiff's discovery requests, Defendant generally objects based upon its own unilateral allegations regarding the facts of the case. Specifically, Defendant alleges that Plaintiff was not an entrant in the Rolex Giveaway contest as alleged by the Plaintiff in the Complaint, that the Plaintiff provided verbal prior express consent to receive SMS text messages, and that Defendant did not send SMS text messages to entrants in the contest as a result of their entry. In essence, Defendant objects by contesting the merits of Plaintiff's Complaint. This is not a legally cognizable objection as a court may not consider the merits of the action in ruling on discovery disputes. *Garland v. Torres*, 259 F. 2d 545, 550-51 (2d Cir. 1958). Accordingly, these objections should be overruled.

WHEREFORE, for the above stated reasons, Plaintiff respectfully requests the Court order Defendant to produce the documents stated herein within ten (10) days of the Court's order thereon. More specifically, Plaintiff requests that this Court overrule all Defendant's objections to Plaintiff's Second Request for Production 1-13 and overrule all objection to Defendant's First Set of Interrogatories 1-12 and further compel Defendant to produce all items responsive to

10

Defendant's Request for Productions numbered 1-13 and file better responses under oath to Plaintiff's interrogatories numbered 1-12.

## CERTIFICATION REQUIRED BY LOCAL RULE

Plaintiff's counsel conferred with Defendant's counsel regarding this matter and was unable to resolve the matter.  Plaintiff has sent three or more emails and left three or more messages over a several day period in an attempt to alleviate the necessity for Court intervention; however, Defendant has failed to respond to same and thus the undersigned counsel has been unable to confer on this matter.

Respectfully submitted,

 /s/ Scott D. Owens
**SCOTT D. OWENS, ESQ.**
Florida Bar No.: 0597651
*Attorney for Plaintiff and the putative Class*
664 E. Hallandale Beach Blvd.
Ft. Lauderdale, Florida 3330
Phone 954-589-0588
Fax 954-337-0666
scott@scottdowens.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 26th day of February, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this 26th day of February, 2012, on the counsel listed below and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Luke Lirot, Esquire
LUKE CHARLES LIROT, P.A.
2240 Belleair Road, Suite 190

12

Clearwater, Florida 33764
luke2@lirotlaw.com

Paul Bond, Esquire
REED SMITH, LLP
136 Main Street, Suite 250
Princeton Forrestal Village
Princeton, New Jersey 08540
pbond@reedsmith.com

/s/ Scott D. Owens
**SCOTT D. OWENS, ESQ.**
Florida Bar No.: 0597651
*Attorney for Plaintiff and the putative Class*
664 E. Hallandale Beach Blvd.
Ft. Lauderdale, Florida 3330
Phone 954-589-0588
Fax 954-337-0666
scott@scottdowens.com